HOCKING VALLEY PRODUCTS CO. *v.* TACKETT'S ESTATE.

WITNESSES—DECEASED'S AGENT COMPETENT WITNESS AS TO CON-
TRACT—"OPPOSITE PARTY."

> In an action by the seller against an estate for goods
> sold and delivered to deceased, the deposition of deceased's
> agent who ordered the goods is not barred by 3 Comp.
> Laws 1915, § 12553; the purpose of the statute being to
> prevent the agent of the opposite party from deceased
> from testifying.

Error to Muskegon; Vanderwerp (John), J. Sub-
mitted April 20, 1922. (Docket No. 98.) Decided
July 20, 1922.

The Hocking Valley Products Company presented a
claim against the estate of Marion F. Tackett, de-
ceased, for goods sold and delivered. The claim was
allowed in the probate court, and defendant appealed
to the circuit court. Judgment for defendant. Plain-
tiff brings error. Reversed.

*Carpenter & Jackson,* for appellant.

*Cross, Foote & Sessions,* for appellee.

BIRD, J. A claim was presented against the de-
fendant estate by plaintiff for coal sold and delivered
to the "Sherwood Mills" located at Sherwood, Ohio.
The coal was ordered by George A. Smith, who was
operating the mill. It is the claim of plaintiff that
Smith was operating the mill for Mr. Tackett, who
was the owner of the property, and that he acted as
agent for Tackett in the matter of this purchase. The
proofs submitted by plaintiff tended to show that

George A. Smith was operating the mill as agent for Mr. Tackett. In order to clear the matter up and make it clear that he was, the deposition of George A. Smith was offered by plaintiff, but after considerable discussion it was rejected, the opinion of the trial court being that his testimony was prohibited by the statute. Without this testimony the court was of the opinion that the proofs were not sufficient to show the agency of Smith, and, therefore, directed a verdict in behalf of the estate. After an examination of the statute relied on by the court in rejecting the deposition, we are persuaded that the statute has no application to the facts here presented and that the deposition of George A. Smith was admissible. The statute referred to reads:

"No person who shall have acted as an agent in the making or continuing of a contract with any person who may have died, shall be a competent witness in any suit involving such contract, as to matters occurring prior to the death of such decedent, on behalf of the principal to such contract against the legal representatives or heirs of such decedent, unless he shall be called by such heirs or legal representatives." 3 Comp. Laws 1915, § 12553.

The object of this provision is to prevent the agent of one of the parties to a contract from testifying if the opposite party is dead. If the plaintiff were an individual and he was dead and Tackett was alive, Smith would then be prohibited from testifying, but there appears to be no inhibition in the statute against the testimony of an agent of the dead party. What the statute seeks to do is, in the event of the death of one party to a contract, to prevent the opposite party or his agent who acted for him from testifying. It will be noted that the statute says: "No person who shall have acted as an agent in the making or continuing of a contract *with* any person who may

have died." That is not this situation. Smith did not, as agent, make the contract *with* Tackett. Tackett was his principal and he made the contract *for* him and *with* the plaintiff. The plaintiff not being dead the provision does not apply. This provision of the statute was inserted in the general section in 1901 and it is quite evident what the purpose of the legislature was. Many contracts were made on one side by agents. When the party who acted for himself died, the opposite party was prohibited from testifying, but his agent was not. The agent could testify against the dead man's estate and the same harm was done which the passage of the general section sought to avoid. In order to carry out the purpose of the general section this provision was added. In view of this conclusion I am of the opinion that George A. Smith was a competent witness and that the trial court was in error in rejecting his deposition.

The judgment is reversed and a new trial granted, with costs of this court to plaintiff.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.