**GRACE et al. v. HILDEBRANDT et al.**

No. 13431—Opinion Filed Feb. 24, 1925.

Rehearing Denied June 9, 1925.

**1. Action—Recovery of Specific Real Property—Incidental Relief.**

Plaintiff sued to quiet title by cancellation of record contract by which defendant claimed interest in land, relying on a will, devisee's deed, and mesne conveyances. Defendant, by cross-petition, alleged the will was inoperative as to her; alleged ownership of an aliquot part of the land; prayed for cancellation of the plaintiff's muniments as to her part, and for accounting of rents and royalties. Held, the primary purpose of defendant's action against plaintiff was the recovery of specific real estate, her other grounds of relief being but incidental thereto.

**2. Jury—Right to Jury Trial—Cross-Action for Specific Real Property.**

Since such was the primary purpose of defendant's action, defendant was, under section 532, Comp. Stat, 1921, entitled to a jury trial on the issues of fact thereto

arising, and it was error for the court to refuse same on timely demand of defendant therefor. That the issues arose on cross-petition of defendant does not alter such right.

**3. Action—Action to Quiet Title Joined with One to Recover Possession—Equitable Relief Follows Verdict.**

Under section 466, Statutes, supra, providing for joinder of action to quiet title with an action to recover possession of real property, and under syllabus, paragraphs 1 and 2, supra, it was the duty of the court to administer or refuse equitable relief of cancellation and other incidental relief according to the verdict of the jury.

**4. Descent and Distribution — Wills—Arkansas Statute—Inoperative as to "Legal Representative" Not Named.**

Plaintiff claimed under a will executed under the laws of Arkansas in force in the Indian Territory prior to statehood. Defendant claimed to be the "legal representative" of a "child" of testatrix, born and living at the time of the execution of the will. Held, if the claim of defendant—the fact to be determined by the jury—be true, such will was inoperative as to defendant, under section 6500, Mansfield's Digest of Laws of Arkansas, since the same omitted to mention the name of such child of testatrix or the defendant, eo nomine, as such "legal representative".

**5. Same—Limitation of Actions—Jury to Determine Fact of Adverse Possession—Court to Apply Statute Accordingly.**

If, as a fact, defendant was the "legal representative" of a "child" of testatrix, then, under proper instructions, the jury should also determine as a fact when plaintiff acquired adverse possession of the real estate against defendant as a tenant in common with the devisee. The applicable statute of limitations should be made effective by the court according to the finding of the jury.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by G. W. Hildebrandt et al. against Georgianna Smith et al., to quiet title, in which the latter, by cross-petition, sought recovery of specific real property and incidental relief. Judgment for plaintiffs. Defendants appeal. Affirmed in part and reversed in part.

Shackelford & Ottesen, for plaintiffs in error.

J. B. Patterson and Hiatt & Hannigan, for defendants in error.

Opinion by ESTES, C. Defendant in error,

Hildebrandt, will be referred to as plaintiff, and Georgianna Smith, as defendant. Plaintiff filed this action in the district court of Okfuskee county against W. A. Grace and others to quiet title to 160 acres of real estate. None of the defendants appear in this appeal, except Georgianna Smith and James M. Shackelford. Said Shackelford's° interest is by reason of an attorney's contract with said Georgianna and their interest will be referred to as that of Smith only. Deanor and Jamison held an oil and gas mining lease under plaintiff, having produced oil from the premises, and were impleaded by Smith. Their interests and pleadings are not in conflict with, but follow those of plaintiff. Plaintiff, Deanor, and Jamison had judgment cancelling defendant's contract of record and quieting title against Smith and Shackelford, from which the latter have appealed. It is conceded by defendant Smith that said judgment should be affirmed except as to 40 acres of the quarter section. It will not be necessary to refer, incidentally, to the remaining land, or other parties who were original defendants. Plaintiff alleged that he was the owner and in possession of the 40, and that defendant had filed a contract with Shackelford, in the office of the county clerk, claiming an interest in the 40. Defendant admitted that she claimed an interest in the land, denied ownership of plaintiff, and specifically denied that plaintiff's possession had been open, notorious, and adverse to defendant. By way of cross-petition, defendant alleged that she was the legal and equitable owner and entitled to the immediate possession of, an undivided one-twenty-fourth interest in the 40, together with her share of the rents, royalties, and profits; that her interest was subject to her contract with Shackelford. She alleged that one Nellie Holmes, a Creek freedman, was the homestead allottee of the 40, exhibiting the allotment deed; that said Nellie was the mother of six children, one of whom was Monday Holmes, who died in 1905; that Monday Holmes was the father of four children, one of whom was Rachel Holmes, who was married to one Island Smith; that Rachel died in 1903, leaving surviving the defendant Georgianna Smith as her sole heir; that said Nellie died intestate in 1906, and that therefore defendant was in the direct line of descent from said Nellie and was entitled to one-twenty-fourth of the estate of said Nellie at the time of her death, by right of representation; that plaintiff and those holding under him had at all times well known said facts; that defendant was a tenant in common with whomsoever held the remaining portion of the 40; that

plaintiff, Deanor, and Jamison, were collecting the rents, profits, and royalties, and excluding defendant therefrom. Defendant further alleged that in 1907 said Redmond Holmes purported to sell and convey the entire quarter section to one Arnold having no interest in the 40 other than that inherited from his mother, and the said Arnold acquired no other title than such inherited interest; that in 1914 said Arnold pretended to convey said 40 to plaintiff, having no interest therein other than that inherited by Redmond; that all of said instruments, together with the mineral grant from plaintiff to Deanor and Jamison, were of record and constituted clouds upon the one-twenty-fourth interest of defendant in the 40. Defendant prayed for cancellation of all of said instruments, to quiet her title accordingly, and for an accounting of her share of the rents and royalties received and in futuro. Plaintiff answered the cross-petition of defendant by general denial, and alleged that prior to her death said Nellie executed a will which was duly probated in March, 1907, exhibiting copy thereof together with order and decree of admission; that no appeal had been taken from the judgment and that defendant was bound thereby. Plaintiff further admitted the execution and recording of said deeds, asserted possession at all times thereunder, and alleged that the statute of limitations of Arkansas had long since barred the claims of defendant. Defendant replied, denying the bar of limitations and that plaintiff or his grantors ever took possession of the 40 until after statehood. She alleged that if the will of Nellie Holmes was ever executed, the same was done under the Arkansas law, providing that before any heir can be cut off from inheritance in property sought to be devised, that such heir must be named in the will and some provision made for such heir in lieu of inheritance; that at the time of the execution of the purported will, the defendant was in being and was the heir apparent to one-twenty-fourth part of said 40; that defendant was not named in said will, and that no provision was made for her therein. Defendant has abandoned in this court any claim as heir to the surplus 120 acres. Plaintiff depends upon the will as the source of his title to the one-twenty-fourth of the forty claimed. Defendant Smith made timely request for trial by jury and denial thereof is the first assignment to be noticed.

1. Under Campbell v. Dick et al., 71 Okla. 186, 176 Pac. 520, the primary purpose of the action of defendant, set up in

her cross-petition against the plaintiff, was the recovery of the possession of her aliquot part of the land, the other grounds of relief—cancellation of the deeds by which plaintiff claimed to have deraigned his title and accounting—being but incidental thereto. However, her prayer was not strictly so. It was contended in that case that the statute of limitations for relief on the ground of fraud applied, on the theory that the action was grounded on fraud. This court held that the 15 years' statute of limitations for bringing the action was applicable because the primary purpose of the action was to recover the lands. It was there sought to cancel the deed procured by fraud. The court said:

"The mere fact that the plaintiff charged that the deed was fraudulently procured. and the grantor therein incapacitated at the time to make a valid conveyance, none the less made the action one for the recovery of the possession of the premises".

The court also quotes from Oakland v. Carpentier 12 Cal. 540-552:

"We think that this provision has no relation to an equitable proceeding to set aside a fraudulent deed of real estate, when the effect of it is to restore the possession of the premises in the defrauded party. In such a case, the action is substantially an action for the recovery of the real estate; indeed it is literally. * * * This is really an action for the recovery of real estate, and the plaintiff is no worse off because the fraud has been committed upon him, nor the defendant in any better situation, than if the latter had innocently bought and entered upon an imperfect title".

The Campbell Case is an authority and a correct guide for determining the nature of the defendant's action. It is not here cited for any other purpose. The incidental relief sought by defendant was the cancellation of the deeds from Redmond Holmes to Arnold, and from Arnold to plaintiff, covering said part of the 40, and for an accounting. Defendant asserted ownership to her aliquot part on the theory that same did not pass to Redmond Holmes by the will of Nellie Holmes. That defendant did not allege or prove that said will was procured—as the deed in the Campbell Case—by fraud, does not distinguish this case as to its primary purpose.

2. The primary purpose of defendant's action against the plaintiff being the recovery of specific real property, defendant was entitled to a jury trial under section 532, Comp. Stat. 1921. Issues of fact arising in actions for the recovery of specific real property shall be tried by a jury, unless waived, and

it is error for the court to refuse a jury in such action upon proper demand therefor, Gill et al. v. Fixico et al., 77 Okla. 151, 187 Pac. 474. The fact that the issue arose on cross-petition of defendant does not alter such right. The character of an action is to be determined by the issues made by the pleadings and the rights and remedies of the parties, and not alone by the form in which the action is brought or by the prayer for relief, which, in this respect, forms no material part of the pleadings. Mathews v. Sniggs, 75 Okla. 108, 182 Pac. 703. It is not every cause of action which the pleader styles an action of ejectment, that entitles a party to a trial by jury. The court will look to the substantial averments of the petition or cross-petition, as the case may be, and from the facts, so averred, determine the character of the action. Atkinson v. Crowe & Coal & Mining Co. (Kan.) 102 Pac. 50; Gill v. Pelkey, 54 Ohio St. 348, 43 N. E. 991; Gill et al. v. Fixico et al., supra.

3. Section 466, Comp. Stat. 1921, is:

"An action may be brought by any person in possession, by himself or tenant, of real property against any person who claims an estate or any interest therein adverse to him for the purpose of determining such adverse estate or interest, and such action may be joined with an action to recover possession of such real property by any person not in possession."

The first part of said estate has reference to an equitable proceeding in which the issues of fact, as well as of law, are to be tried by the court. The second part thereof has reference to an action at law for possession, as in ejectment, in which jury trial is vouchsafed by section 532, supra. The substantive and procedural rights of the parties are not changed by said statute from those of the courts of chancery. The combination was not formerly permitted. Said statute does not change the rule that the equitable issues in quieting title are triable by the court, unless referred or a jury called in an advisory capacity on the facts. Neither does said statute alter the rights of either party. seeking recovery of real estate, to have a jury try the facts. If no issues of fact on the ejectment phase of the case be involved, or if the proof wholly fail in this behalf, the judgment of the court would follow as a matter of course and of law upon the equitable issues triable by the court. In such case, the court would discharge the jury or, on a directed verdict, render judgment according to the rights of the parties. On the other hand, if issues of fact arise on the ejectment phase of the composite case, then the court should submit such issues

of fact to a jury, and administer or refuse the equitable relief of cancellation and other incidental relief, according to the verdict.

4. If said will was operative as to defendant, thereby excluding her from any interest in the 40 as an heir of said Nellie, then the refusal of jury trial was harmless error. The material parts of said will are:

"First. To my son, Redmond Holmes, I give, devise and bequeath all of my property, both real and personal, including my homestead, as a Creek Freedman described as follows, to wit: (describing said forty acres).

"Second. I give and bequeath to my children, Ned Holmes, Lemuel Holmes, and Amy Holmes the sum of one dollar each to be paid them by my executor, and if either shall die in advance of me that their bequest shall go to their heirs.

"Third. To my grandchildren, Sarah Holmes, Andrew Holmes, Jake Holmes. Jane Holmes, Willie Holmes and Lee Holmes, Miley Holmes, Henry Holmes and Sarah Holmes I give and bequeath to each the sum of one dollar to be paid them by my executor.

"Fourth. If there is any person who would be entitled to share in my estate under the law then to each and every such person I give and bequeath the sum of one dollar".

Section 6500, Mansfield's Digest, section 8020, Kirby's Digest of Arkansas Laws, in force at the time, is:

"When any person shall make his last will and testament, and omit to mention the name of a child, if living, or the legal representative of such child born and living at the time of the execution of the will, every such person, so far as regards such child, shall be deemed to have died intestate, and such child shall be entitled to such proportion, share and dividend of the estate, real and personal, of the testator as if he had died intestate; and such child shall be entitled to recover from the devisees and legatees in proportion to the amount of ther respective shares and the court exercising probate jurisdiction shall have power to decree a distribution of such estate according to the provisions of this and preceding sections".

"Legal representatives" are those who would take under the law of descent and distribution as heirs or next of kin, 25 Cyc. 175 Georgianna Smith is not named in the will, eo nomine. The effect of failure to mention her name seems quite plain on the face of said statute. The Supreme Court of Arkansas has held that if the testator omits to mention the name of a child, if living, or the legal representative of such child born and living at the time of the execution of the will, that such testator shall be deemed to have died intestate as to such child, and such child or its legal representative, would

be entitled to recover the interest in the estate of the deceased person as against those taking under the will, in the same manner as if no will had been made. Also, in such case such child would not be limited to the remedy in probate provided by said statute and may institute independent action for the recovery of such interest as if no will had been made. Rowe v. Allison, 87 Ark. 206; Crossett Lumber Co. v. Files, 104 Ark. 600; Williamson v. Roberts (Mo.) 187 S. W. 19. In the Rowe Case, supra, it is said:

"The share of the child is absolute and such share can not be defeated by being conveyed away, either under a power of sale in the will or by devisees or legatees."

Under said statute and similar statutes, the testator must either name the child of its legal representative or make some provision for the pretermitted person. 18 C. J. 841; Gray v. Parks, 94 Ark. 39; Rowe v. Allison, 87 Ark. 206; King v. Byrne, 92 Ark. 88; Williamson v. Roberts (Mo.) 187 S. W. 19; Tucker v. City of Boston (Mass.) 18 Pick. 162; Boman v. Boman (Wash.) 49 Fed. 329; In re Barker's Estate (Wash.) 31 Pac. 976; Bower v. Bower (Wash.) 31 Pac. 598. The burden is upon the one who seeks to deny the right of the pretermitted person to take under the law, to show that it was the express intention of the testator to disinherit such person. In Tucker v. City of Boston, supra, it is said:

"Besides, wherever she intended to exclude one from a beneficial enjoyment of her estate, she did it by giving him a legacy, and in every instance, either by particular or general description, every descendant has a provision, nominal or substantial, except the demandant".

Monday Holmes, one of the six children of said Nellie, being grandfather of defendant, and also Rachel Smith, his daughter, the latter being mother of defendant, had both predeceased said Nellie. The grandchildren named in the third paragraph of said will, or some of them, were the children of said Monday Holmes. It is to be noted that the name of Rachel, the mother of defendant, does not there appear. Plaintiff contends that paragraphs three and four of the will, taken together, constitute "mentioning" of the "legal representatives" of Nellie Holmes. A will in which the testator provides for all his children as a class, without naming any, is a sufficient mention of his children. Brown v. Nelms, 86 Ark. 368; Gehlen et al. v. Gehlen (Wash.) 137 Pac. 312. This rule is not applicable because said will does undertake to mention the children and the grandchildren of said Nellie individually, not as a class.

If it could be said that said fourth paragraph refers to a class including defendant, there is no substantial devise to that class, or to the defendant, by the nominal bequest of one dollar. As a matter of law, said will was inoperative as to defendant. The facts of defendant's lineage and the facts determining the quantum claimed by her were not conceded by plaintiff, in any event. These and other facts arising in this behalf were for the jury under proper instructions.

5. Again, if, as a matter of law, on this record, the statute of limitations had run against defendant, the refusal of such jury trial was harmless error. Plaintiff contends that the seven years' statute of limitations of Arkansas is applicable because the adverse possession of plaintiff and his grantors began, at the latest, in February, 1907—before statehood—when Redmond Holmes conveyed the 40 by deed to Arnold, who, in 1914, conveyed same to plaintiff; that since the cross-petition of defendant was not filed until August, 1921, defendant's alleged cause of action was barred. Defendant does not contend that the said will of said Nellie was void, but that same was inoperative as to defendant; that on the death of Nellie Holmes, defendant became a tenant in common with Redmond Holmes of the 40 acres; that although Arnold took such deed from Redmond in 1907, prior to statehood, there was no change in the apparent or actual possession of said lands during said year and until after statehood, and that the tenants who occupied the land under Nellie Holmes in her lifetime, continued to occupy until 1909 or 1910, their possession being that of the ancestor and inuring to the defendant as heir; that as such tenant in common there was no ouster of defendant amounting to adverse possession before the advent of statehood; that, therefore, the statute of limitations was not set in motion until after statehood, by the which, being the 15 year limitation, defendant's action brought in 1921, was not barred. Here were also questions of fact to be determined by the jury under proper instructions — whether and when defendant as cotenant was ousted or her title repudiated, fixing the time when plaintiff acquired adverse possession of the forty. If said will was inoperative as to defendant and she was a forced heir of said Nellie to the part of the 40 claimed, plaintiff's title to such part under the Redmond Holmes and Arnold deeds was undermined and destroyed, provided also defendant was not barred by the statute of limitations.

It is recommended that the judgment of the trial court be affirmed in all respects

except as to the issues raised by defendant involving the aliquot part of said 40 acres claimed and the accounting prayed, and that the cause be remanded for a new trial thereon in accordance herewith.

By the Court: It is so ordered.

Note.—See under (1) 35 C. J. p. 158; (2) 35 C. J. p. 157: (3) 1 C. J. p. 1090; (4) 18 C. J. 341; (5) 18 C. J. p. 962.