FARMERS & MERCHANTS NATIONAL BANK & TRUST CO. *v.*
GLOBE INDEMNITY CO.

1. HUSBAND AND WIFE—MORTGAGES.

There is no legal objection to wife making mortgage to secure
her husband's debts.

2. SAME—WIFE MAY JOIN IN MORTGAGE ON ENTIRETY PROPERTY TO
SECURE HUSBAND'S DEBT.

Wife may join in mortgage on property held by her and her
husband as tenants by entireties to secure his debt.

3. SAME—MORTGAGES—CONSIDERATION.

Wife's mortgage of her own property to secure her husband's
debt is supported by sufficient consideration.

4. SAME—ESTATES BY ENTIRETIES—TITLE DEVOLVES BY OPERATION
OF LAW.

Tenants by entireties hold under instrument by which tenancy
was created, and, upon death of one, title to real estate so
held devolves upon survivor, not by statutes of descent but by
death of other tenant and by operation of law.

5. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DE-
CEASED.

Statute excluding testimony of opposite party on matters equally
within knowledge of deceased was originally enacted to afford
protection to estates of decedents and to prevent fraud and
false swearing (3 Comp. Laws 1929, § 14219).

6. SAME.

Statute does not permit one party to give in evidence his version
of transaction within personal knowledge of both when death
has precluded other party from being heard (3 Comp. Laws
1929, § 14219).

7. CORPORATIONS—ACT THROUGH OFFICERS AND AGENTS.

Corporation may act only through its officers and agents.

8. Mortgages—Delivery.

    If mortgage to bank executed by husband and wife on real estate held by them as tenants by entireties was delivered by husband in his lifetime, bank is their assign, but delivery and acceptance of note and mortgage were necessary to their validity. ·

9. Witnesses—Legal    Representatives—Survivor—Estates    by Entireties.

    Term "legal representatives," as used in 3 Comp. Laws 1929, § 14219, excluding testimony of opposite party or his agent on matters equally within knowledge of deceased against his legal representatives or heirs, is sufficiently broad to cover wife, successor in title to property held by entireties as survivor of her husband.

10. Same.

    Where note and mortgage on real estate held by husband and wife as tenants by entireties was executed by them to secure husband's debt to bank of which he was president, but delivery of which is denied, testimony of bank's officers to establish delivery by husband, since deceased, is barred by statute as equally within knowledge of deceased, in bank's suit against wife (3 Comp. Laws 1929, § 14219).

11. Same—Witness Incompetent to Testify Against Widow May Not Testify at All.

    Where bank's officers are incompetent, under statute, to testify against president's widow in suit to establish delivery of mortgage by him to bank, they are likewise incompetent to testify against surety company on president's bond, joined with widow on theory that mortgage was delivered and was unlawfully abstracted by him.

Appeal from Berrien; White (Charles E.), J. Submitted June 6, 1933. (Docket No. 21, Calendar No. 37,095.) Decided August 29, 1933.

Bill by Farmers & Merchants National Bank & Trust Company against Globe Indemnity Company, a New Jersey corporation, and others to restore a mortgage. Bill dismissed. Plaintiff appeals. Affirmed.

*I. W. Riford* and *H. S. Gray,* for plaintiff.

*Stuart B. White,* for defendant Globe Indemnity Co.

*A. P. Cady* and *John J. Sterling,* for defendants Niles and Dwight W. Ruth, administrator of estate of Clayton M. Niles.

POTTER, J.    Plaintiff brought suit against the Globe Indemnity Company, Margaret S. Niles, and Dwight W. Ruth, administrator of the estate of Clayton M. Niles, deceased, and Caroline Niles, to recover upon a bond upon which the Globe Indemnity Company was surety in the sum of $10,000 issued to plaintiff.    From a decree for defendants, plaintiff appeals.

Clayton M. Niles was president of plaintiff bank. He died October 28, 1930, owing the bank $13,650, represented by his four promissory notes.    Defendant Globe Indemnity Company was surety upon a banker's blanket bond to plaintiff insuring it against any dishonest act of any of its employees through theft or destruction while the property was within any of the offices of insured.    The word employees included the *officers,* clerks, and other persons in the employ of the insured.    The bond covered bills of exchange and promissory notes.    When the late speculative mania subsided and prices began to descend toward normalcy, plaintiff bank appointed an executive committee, which committee insisted that Clayton M. Niles give additional security for the payment of the amount he owed the bank.    There had been issued, and was outstanding and in force, a life insurance policy in the sum of $10,000 upon the life of Niles, payable to the plaintiff bank as creditor.    It is said to have been the agreement between the executive committee of the bank and Niles that

plaintiff was to surrender and deliver this life insurance policy to Niles, and Niles and wife were to make, execute, and deliver a promissory note and real estate mortgage collateral thereto running to the bank, in consideration of the surrender by the bank to Niles of such life insurance policy. The mortgage is said to have been executed by Niles and wife to the bank as mortgagee. The important question is whether there was delivery of the mortgage to the bank, so as to make it a valid, effective instrument as against the property of Mrs. Niles, widow of Clayton M. Niles, defendant.

On behalf of defendant, widow of deceased, the testimony offered by plaintiff's officers and employees to show execution and delivery of the note and mortgage was objected to as being equally within the knowledge of the deceased (3 Comp. Laws 1929, § 14219), and it is claimed without the testimony of these officers and agents to show execution and delivery such delivery is not shown. Incident to the question of delivery is that of whether deceased, Clayton M. Niles, unlawfully took the note and mortgage executed by himself and wife from the bank so as to bring his actions within the terms of the policy issued by Globe Indemnity Company to plaintiff. If the note and mortgage were not delivered to the bank, if they were not presently valid security, effective against Niles and wife, then that Niles had the mortgage and note in his possession at his death is no evidence he unlawfully took them from the bank. If, as contended by defendants, the note and mortgage were executed and taken to the bank but were not actually delivered to take effect but the transaction was held awaiting the examination of the abstract of the mortgaged property, passing upon the title by the attorney for the bank, sur-

render and delivery to Niles of the $10,000 life insurance policy by. the bank, assignment of the insurance on the buildings mortgaged to the bank, and the note and mortgage were not in fact delivered by Niles to become presently operative, and were not intended to be so delivered until things were done which at the time of his death were not done, then his acts in taking the mortgage to his home from the bank was not within the terms of the policy.   Defendants contend there was no delivery of the note and mortgage; that Niles' indebtedness to the bank was in process of settlement; the bank had not passed upon the abstract of title to the real estate mortgaged; had not made examination of the title; had not surrendered and delivered to Niles the $10,000 insurance policy; Niles and wife had not assigned the insurance on the buildings mortgaged to the bank; no surrender of the notes given by Niles to the bank was .made; no indorsement of payment made thereon; no change was made in the books of the bank in relation to the note and mortgage, and the transaction was in suspense and not completed. It is contended the mortgage was without consideration.

There is no legal objection to the making by the wife of a mortgage to secure her husband's debts. *Watson* v. *Thurber,* 11 Mich. 457; *DeVries* v. *Conklin,* 22 Mich. 255; *Damon* v. *Deeves,* 57 Mich. 247. The wife may join in a mortgage on property held by her as a tenant by the entirety with her husband to secure his debt (*People's Building & Loan Ass'n* v. *Billing,* 104 Mich. 186), and a mortgage of her own property to secure her husband's debt is supported by sufficient consideration. *Kieldsen* v. *Blodgett,* 113 Mich. 655.   Plaintiff claims the bank's officers and agents were competent to testify to delivery of the

note and mortgage by Niles, deceased, to the bank, and his widow may not object to the reception of such testimony and its consideration by the court. The mortgage covered real property held by husband and wife as tenants by the entirety.

Upon hearing, the testimony of plaintiff's officers and agents was objected to as being excluded by the statute, 3 Comp. Laws 1929, § 14219, relating to the testimony of parties equally within the knowledge of the deceased.

It is contended the real estate mortgaged, having been held by decedent and his wife as tenants by the entirety, she as widow did not take title to it under the statutes of descent (3 Comp. Laws 1929, § 13440), but by the original conveyance to her husband and herself in his lifetime; his death, and by operation of law, independent of her heirship or rights as a widow of the deceased under the statutes of descent.

Tenants by the entirety hold under the instrument by which the tenancy was created, and, upon the death of one, the title to real estate held by the parties as such tenants devolves upon the survivor, not by the statutes of descent but by the death of the other tenant and by operation of law. *Attorney General* v. *Clark,* 222 Mass. 291 (110 N. E. 299, L. R. A. 1916C, 679, Ann. Cas. 1917B, 119); *Bassler* v. *Rewodlinski,* 130 Wis. 26 (109 N. W. 1032, 7 L. R. A. [N. S.] 701); *Estate of Harris,* 169 Cal. 725 (147 Pac. 967).

The statute relied upon as originally enacted was designed to afford protection to estates against the knavery and perjury of dishonest claimants (*Kimball* v. *Kimball,* 16 Mich. 211); fraud and injustice (*Penny* v. *Croul,* 87 Mich. 15 [13 L. R. A. 83]); protect the estate of deceased persons against claims which depended in whole or in part upon testimony of a party which could not be refuted by the testi-

mony of deceased (*McHugh* v. *Dowd's Estate*, 86 Mich. 412); prevent a living party from obtaining an unequal advantage from his own testimony as to matters known only to himself and the deceased, and of which the deceased party could no longer speak (*Wright* v. *Wilson*, 17 Mich. 192; *Chambers* v. *Hill*, 34 Mich. 523); prevent fraud and false swearing whereby estates became unjustly depleted in cases where no one on the part of the estate except the deceased had knowledge of the facts necessary to refute the unjust claim attempted to be enforced against it. *Brown* v. *Bell*, 58 Mich. 58. The statute does not permit one party to give in evidence his version of a transaction within the personal knowledge of both when death has precluded the other party from being heard. *Kimball* v. *Kimball*, 16 Mich. 211.

The statute now provides:

"No person who shall have acted as an agent in the making or continuing of a contract with any person who may have died, shall be a competent witness in any suit involving such contract, as to matters occurring prior to the death of such decedent, on behalf of the principal to such contract against the legal representatives or heirs of such decedent, unless he shall be called by such heirs or legal representatives." 3 Comp. Laws 1929, § 14219.

This provision was inserted in 1901 (Act No. 239, Pub. Acts 1901). Many contracts were made by agents. When the party who acted for himself died, the opposite party was prohibited from testifying, but his agent could testify against the dead man's estate and the same harm was done which the passage of the general section sought to avoid. In order to carry out the purpose of the general section, this provision was inserted. *Hocking Valley Products Co.* v. *Tackett's Estate*, 219 Mich. 623.

It is said that Mrs. Niles is not defending as heir, assign, devisee, legatee, or personal representative of deceased, and consequently the statute (3 Comp. Laws 1929, § 14219) may not be invoked by her to exclude the testimony of plaintiff's agents. Plaintiff is a corporation. A corporation may act only through its officers and agents. Plaintiff bank, if the note or mortgage were delivered by Clayton M. Niles in his lifetime, is an assign of decedent and his wife. *Newton* v. *Freeman,* 213 Mich. 673.

The agents of the bank testified in relation to the execution and delivery of the mortgage. Such delivery was necessary in making the contract if one was made. If the note and mortgage were never delivered to and accepted by the bank, they never became valid securities. It is said Mrs. Niles, widow of decedent, is not a legal representative of her husband, Clayton M. Niles, is not claiming the property alleged to have been mortgaged as his heir; she did not take title to this real estate by the statutes of descent, but took title by the conveyance to herself and husband, his death, and by operation of law, and hence she may not invoke the shield of the statute.

The language of the clause above quoted names legal representatives or heirs only, though it may be that "legal representatives" is a sufficiently broad term to cover assigns, devisees, legatees, or personal representatives. In any event, the term "legal representatives" is used and not the term "personal representatives" as in the succeeding clause. The important question is whether Mrs. Niles, widow of decedent, is the legal representative of Clayton M. Niles, deceased, in relation to the property mortgaged.

"The term 'legal representatives' is not necessarily restricted to the personal representatives of one deceased, but is sufficiently broad to cover all

persons who, with respect to his property, stand in his place and represent his interests, whether transferred to them by his act or by operation of law." *New York Mutual Life Ins. Co.* v. *Armstrong,* 117 U. S. 591 (6 Sup. Ct. 877).

The term "legal representatives," as used in 3 Comp. Laws 1929, § 14219, above quoted, is sufficiently broad to cover Mrs. Niles, the successor in title to the property alleged to have been mortgaged by decedent and herself. She acquired whatever interest Clayton M. Niles may have had in the property by means of the conveyance by which she and her husband acquired title as tenants by the entirety, his death, and by operation of law.

One clause of the statute (3 Comp. Laws 1929, § 14219), prohibits the opposite party, if examined as a witness in his own behalf, from testifying *at all,* etc. The clause under consideration prescribes a rule of competency and declares no person who shall have acted as agent in the making or continuing of the contract with any person who may have died shall be a competent witness in any suit involving such contract.

It is contended the testimony of plaintiff's officers and agents, though not admissible against Mrs. Niles, is admissible against the Globe Indemnity Company. This construction of the Michigan statute is not permissible. The first clause of the statute declares the opposite party may not testify *at all* under the circumstances specified by the statute. The clause under consideration prescribes a rule of competency and declares the agents incompetent to testify. If a witness is incompetent to testify, he may not testify at all, and such witnesses, if incompetent to testify against Mrs. Niles, a defendant, are incompetent to testify against any other party defendant.

The sole testimony bearing upon the execution and delivery of the mortgage comes from plaintiff's cashier, attorney, and members of the executive committee. No other witnesses were sworn except one who testified to the value of the real estate mortgaged, and Mrs. Niles, who was called for examination by plaintiff and whose testimony was objected to. Eliminating the testimony of plaintiff's agents, there is no testimony establishing that a valid mortgage was made, executed, and delivered by Clayton M. Niles and wife to plaintiff, or that such mortgage was accepted by the bank. There being no competent evidence to sustain the material allegations in the bill of complaint, the decree of the trial court dismissing it is affirmed, with costs.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.