Rockingham, June 5, 1945. } No. 3540.

ROGER B. CONANT & a., *Trustees v.* ALICE B. CURTISS & a.

*Ernest G. Templeton*, for the plaintiffs, filed no brief.

*George R. Scammon, John W. Perkins* and *Sanford Stoddard* of Massachusetts (*Mr. Stoddard* orally), for the Brewer life tenants.

BRANCH, J.   Upon the decease of Malcolm Curtiss, it became the duty of the plaintiffs to pay his share of the income from the trust fund to his "legal representatives," and the plaintiffs, being in doubt as to who his legal representatives may be, seek the advice of the court on this question.

In *Merchants &c. Co.* v. *Egan,* 91 N. H. 368, 371, this court had occasion to consider the meaning of the words "legal representatives" as used in Laws 1937, *c.* 161, *s.* 17, *par.* IV, and it was there said: "The words 'legal representatives' have no fixed meaning in the law.   Their significance varies according to the circumstances of their use.   'The term "legal representatives" is not necessarily restricted to the personal representatives of one deceased, but is sufficiently broad to cover all persons who, with respect to his property, stand in his place and represent his interest, whether transferred to them by his act or by operation of law.' *New York Mut. Life Ins. Co.* v. *Armstrong,* 117 U. S. 591, 597." It was accordingly held in that case that the words "legal representatives" should be construed to mean heirs.   We think that, under the circumstances of the present case, we should give them a similar interpretation, and the plaintiffs are accordingly advised that, as argued by the Brewer life tenants, the words "legal representatives" should be construed to mean the heirs-at-law of the deceased life tenant.   Who these persons are is to be determined by the law of his domicile at the time

of his death. *Anderson* v. *French*, 77 N. H. 509, 513, and cases cited. It is alleged in the petition that "said Malcolm T. Curtiss, Senior, died on the sixteenth day of November, 1942, and is survived by a widow, Alice B. Curtiss, and two children, Charlotte Curtiss Addoms and Malcolm T. Curtiss, Junior, his sole heirs-at-law." Assuming the truth of this allegation under the law of Massachusetts, the income from the interest of Malcolm Curtiss in the trust fund should be paid to the above-named persons.

*Case discharged.*

All concurred.