**SECURITY INSURANCE COMPANY OF NEW HAVEN, Appellant,**

v.

**Gertrude June WHITE, Executrix of the Estate of Park Wyatt, deceased; Frances Roberson, Ferris Pittman, Joe Riley, Jeff L. Polk and Mack M. McGrew, Appellees.**

**No. 5270.**

United States Court of Appeals
Tenth Circuit.

Aug. 1, 1956.

Rehearing Denied Aug. 28, 1956.

---

Edgar Fenton, Oklahoma City, Okl. (Elliott C. Fenton, Oklahoma City, Okl., on the brief), for appellant.

Charles E. Dierker and Gus Rinehart, Oklahoma City, Okl. (Butler, Rinehart & Morrison, Oklahoma City, Okl. on the brief), for appellee, Frances Roberson.

Kenneth Abernathy, Shawnee, Okl. (Abernathy & Abernathy, Shawnee, Okl., on the brief), for appellee, Gertrude June White, executrix.

Before BRATTON, Chief Judge, PHILLIPS, Circuit Judge, and ROGERS, District Judge.

BRATTON, Chief Judge.

This case concerns itself primarily with questions under a policy of automobile liability insurance. Park Wyatt and Gertrude J. Wyatt were husband and wife, and they resided at Shawnee, Oklahoma. He was engaged in the practice of law and she was a housewife. The Plymouth automobile which they used for business and pleasure was registered in her name. Sadie Sue Buchanan was an authorized policy writing agent at Shawnee for Security Insurance Company of New Haven. Acting through such agent, the insurance company issued its renewal policy of liability insurance covering the automobile. Gertrude J. Wyatt was the named insured, but the policy contained the recital "Occupation of the named Insured is Husband—Attorney at Law * * *." According to its terms the policy became effective June 2, 1954, and expired June 2, 1955; but it provided among other things "if however, the named Insured shall die * * * within the policy period, this policy, unless canceled, shall, if written notice be given to the Company within sixty days after the date of such death * * * cover (1) the named Insured's legal representative as the named insured, and (2) under Coverages A and B, subject otherwise to the provisions of Insuring Agreement III, any person having proper temporary custody of the automobile, as an Insured, and under Coverage C while the automobile is used by such person, until the appointment and qualification of such legal representative but in no event for a period of more than sixty days after the date of such death. * * *" In addition to the policy of automobile liability insurance, the agency at Shawnee also issued policies of insurance covering the dwelling in which Park Wyatt and Gertrude Wyatt resided and the household effects therein. Gertrude J. Wyatt was the named insured in each and all of such policies. Park Wyatt ordered the policy covering the automobile and the policies covering the dwelling and the contents thereof. The premiums thereon were charged to his account with the

agency. He made payments from time to time on such account. The last five payments were made under dates of April 3, July 10, September 25, October 8, and October 14, respectively. Gertrude J. Wyatt died intestate on August 21, 1954. After her death, Park Wyatt continued to use the automobile. While he was driving the automobile on November 8, 1954, it was involved in a collision with an automobile being driven by Jeff L. Polk. James Roberson, Ferris Pittman, Joe Riley, and Mack M. McGrew were passengers in the automobile driven by Polk. Polk, Pittman, Riley, and McGrew sustained personal injuries, and James Roberson and Park Wyatt suffered fatal injuries. Gertrude June White was appointed executrix of the estate of Park Wyatt, deceased. Frances Roberson, surviving widow of James Roberson, deceased, Polk, Pittman, and Riley, filed separate actions against Gertrude June White, Executrix of the Estate of Park Wyatt, deceased, for damages arising out of such collision; and McGrew asserted liability. The executrix demanded that the insurance company defend such actions; that it pay within the limits of the policy any judgments rendered therein; and that it pay all costs and expenses incurred by her in connection with the investigation of such claims and the defense of such actions. The insurance company then instituted this action for a declaratory judgment that the policy had expired prior to the time of the fatal collision, and that the company was under no duty to defend the actions for damages or to pay any part of the judgments which might be rendered therein against the estate of Park Wyatt, deceased. Gertrude June White, executrix, Frances Roberson, surviving widow of James Roberson, deceased, Polk, Pittman, Riley, and McGrew were joined as parties defendant. The defendant Gertrude June White, executrix, pleaded among other things that plaintiff was promptly informed of the death of Gertrude J. Wyatt; that plaintiff was promptly notified of the death of Park Wyatt and immediately thereafter it conducted an investigation of the accident; that plaintiff was notified promptly of the institution of the several actions for damages; that plaintiff denied liability under the policy and refused to defend the actions upon the ground that the policy expired sixty days after the death of Gertrude J. Wyatt and was not in effect at the time of the accident; that plaintiff neglected and failed to tender return of any part of the unearned premium upon the policy; that by its acts and conduct, plaintiff waived any right to deny liability or to refuse to defend the suits or otherwise to comply with the policy; that such defendant was compelled to defend the actions for damages; and that the costs incurred and to be incurred by her in such defense were approximately $13,-500. The other defendants severally pleaded that the policy was in effect at the time of the accident; and by cross complaint, they sought to recover upon it. The court entered judgment determining and adjudicating that the plaintiff was obligated to defend the estate of Park Wyatt, deceased, against the claims arising out of the accident; and further determining and adjudicating that the defendant Gertrude June White, executrix, recover from plaintiff $10,504.02, being the amount of attorneys fees and costs which she had expended or had become obligated to expend in connection with the investigation of the facts relating to the accident, in defending the several suits for damages, and in defending this action for a declaratory judgment. Plaintiff appealed.

■■ The judgment of the trial court was predicated in part upon the ground that appellant was estopped to assert that the policy was not in force and effect at the time of the accident. Appellant challenges that ground as sustainable basis for the judgment. The tenor of the argument is that the policy had by its own terms expired sixty days after the death of the named insured and prior to the date of the accident, and that a contract of insurance cannot be created by estoppel. A contract of automobile liability insurance cannot be created by estoppel.

But that principle has no application here. The general rule having pertinent application in this case is that if an insurer with knowledge of facts which would bar liability under an issued and outstanding policy continues to recognize liability by treating the policy as being in force and effect, it waives the bar and becomes estopped to plead such facts to escape liability. Sovereign Camp W. O. W. v. Pettigrew, 98 Okl. 138, 224 P. 545; Commercial Standard Insurance Co. v. Remer, 10 Cir., 119 F.2d 66; United States Fidelity & Guaranty Co. v. Craig County Bank, 10 Cir., 227 F.2d 799.

 Appellant had knowledge of all of the facts relating to termination of the policy sixty days after the death of the named insured. It was familiar with the provision in the policy. It knew of the death of the named insured. It knew that Park Wyatt was the husband of the named insured. It knew that he used the automobile both before and after the death of the named insured. It knew of the accident which proximately caused death and personal injuries. Immediately upon learning of such accident, it began an investigation into the facts and circumstances causing or contributing to the accident. It obtained the names of persons who witnessed the accident and secured pertinent information relating to the accident. The branch manager of appellant at Oklahoma City stated to its agent Sadie Sue Buchanan that the investigation would be continued and that the information obtained would be made available to the Wyatt family or heirs; and Sadie Sue Buchanan passed such assurance on to Gertrude June White. Appellant knew of the several assertions of liability against the estate of Park Wyatt, and of the institution of the several suits for damages. And during all of that time, it did not exert any effort to return any portion of the unearned premium on the policy. After the accident, after the making of the investigation, after the institution of the suits for damages, after the demand that appellant defend such suits, and after the rejection of such demand, appellant tendered to the executrix of the Estate of Park Wyatt a check representing a refund of a portion of the premium. Virtually coincident in point of time with such tender and its refusal was the filing herein of the answer of the appellee Gertrude June White, executrix, in which she pleaded among other things estoppel based upon the acts and conduct of appellant in investigating the accident and retaining the unearned premium. By its acts and conduct in making the investigation of the accident; in obtaining information concerning the facts and circumstances surrounding the accident; in advising Gertrude June White that the information obtained as the result of the investigation would be made available to the members of the Wyatt family or heirs; and in failing to tender return of any portion of the unearned premium on the policy until after the institution of the suits for damages, until after its refusal to defend such actions, and until after the institution of this action for a declaratory judgment, appellant effectively recognized its liability under the policy and such recognition amounted to both waiver and estoppel to assert avoidance of liability under the policy on the ground that it became terminated prior to the accident. Connecticut Fire Insurance Co. v. Johnson, Okl., 293 P.2d 607; United States Fidelity & Gauranty Co. v. Craig County Bank, supra; Neat v. Miller (United States Fidelity & Guaranty Co.) 170 Wash. 625, 17 P.2d 32; Carroll v. Union Marine Insurance Co., Mo.App., 249 S.W. 691.

 Apparently endeavoring to avoid the impact of its failure sooner to make a tender of the unearned portion of the premium on the policy, appellant says in effect that since no administrator of the estate of Gertrude J. Wyatt, deceased, was appointed, there was no person to whom an effective tender might have been made. It is the general rule that the term "legal representative" has no fixed and unyielding meaning in law but as ordinarily employed in its general use is sufficiently broad to include any person who stands in the place and stead

220

of one deceased in respect to property, whether transferred to him by operation of law, or otherwise; and that it may include an assignee as well as an executor or administrator. New York Mutual Life Insurance Co. v. Armstrong, 117 U.S. 591, 597, 6 S.Ct. 877, 29 L.Ed. 997; Thomas v. Doyle, 88 U.S.App.D.C. 95, 187 F.2d 207; Farmers' & Merchants' National Bank & Trust Co. v. Globe Indemnity Co., 264 Mich. 395, 249 N.W. 882; Conant v. Curtiss, 93 N.H. 398, 42 A.2d 743. That general rule obtains in Oklahoma. Brown v. Massey, 13 Okl. 670, 76 P. 226; Grace v. Hildebrandt, 110 Okl. 181, 237 P. 98. And it is provided by statute in that state that when a person dies intestate leaving a surviving spouse, and there is among the assets of the decedent's estate an automobile owned by such decedent, it shall become and be the sole and exclusive property of the surviving spouse. 84 Oklahoma Statutes 1953 Supp. § 232. We think that upon the death of Gertrude J. Wyatt, Park Wyatt became her legal representative in respect to the automobile and the insurance thereon; and that an effective tender of the unearned portion of the premium could have been made to him.

Finally, error is predicated upon the action of the court in including in the judgment the provision that appellee Gertrude June White, executrix, recover from appellant $10,504.02 for expenses including attorneys' fees incurred in the suits for damages and in her defense in this action. The provision is not challenged on the ground of being excessive. The ground of attack is that an award for damages is not authorized in an action of this kind. It is the law in Oklahoma that attorneys' fees are not recoverable as damages unless they are specifically provided for by contract or statute. Hertzel v. Weber, 118 Okl. 82, 246 P. 839; Joy v. Giglio, 208 Okl. 50, 254 P.2d 351. But that inhibitory rule has application in a common law action for the recovery of damages for sums expended for attorneys' fees. This was not an action of that kind. It was a statutory action under the Declaratory Judgment Act, as amended. 62 Stat. 964, 63 Stat. 105, 28 U.S.C.A. §§ 2201, 2202. Under section 1 of such act, a district court of the United States may upon the filing of an appropriate pleading declare the legal relations of interested parties, and the declaration entered has the force and effect of a final judgment or decree. And by section 2, the court may grant further or necessary relief based on a declaratory judgment, after notice and hearing. It is not the primary function of the court in a declaratory judgment proceeding to award damages. But the grant of power contained in section 2 of the act is broad enough to vest the court with jurisdiction to award damages where it is necessary or proper to effectuate relief based upon the declaratory judgment rendered in the proceeding. Texasteel Manufacturing Co. v. Seaboard Surety Co., 5 Cir., 158 F.2d 90, certiorari denied, 331 U.S. 828, 67 S.Ct. 1350, 91 L.Ed. 1843; Goldsmith Metal Lath Co. v. Milcor Steel Co., D.C., 53 F.Supp. 778; Standard Accident Insurance Co. of Detroit v. Hull, D.C., 91 F.Supp. 65. In this case, the court made and filed findings of fact and conclusions of law determining and adjudicating all issues of the case except that of damages for expenses incurred by the appellee Gertrude June White, executrix. But no formal judgment was entered at that time. Following an interim of several days, the case came on for further consideration. All parties were present and participated. The court stated that it thought the judgment had been entered. Upon being advised otherwise, the court announced that judgment would be thereupon entered in accordance with the findings of fact and conclusions of law. The court then heard evidence relating to the question of damages and announced the award. While the determination of the rights and duties of the parties under the policy and the award of damages were included in a single judgment, the chronology of the successive steps leading up to the entry of such judgment satisfied the requirements of the statute in respect to procedure.

The judgment is affirmed.