Anna SCHONWALD, Plaintiff,

v.

SUN INSURANCE OFFICE, LIMITED, Defendant.

Civ. No. 66–214.

United States District Court
W. D. Oklahoma.

Dec. 7, 1967.

Arnold D. Fagin, Fagin, Fagin & Fagin, Oklahoma City, Okl., for plaintiff.

Walter D. Hanson, Hanson, Fisher, Tumilty, Peterson, Melton & Tompkins, Oklahoma City, Okl., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

This is an action to recover on an insurance policy affording protection against loss of rents directly resulting from untenantability of the subject premises caused by destruction or damage by fire or other named perils.

On April 11, 1962, Dave Schonwald and the Plaintiff, Anna Schonwald, husband and wife, were the owners, as tenants in common, of real estate with building thereon situated on Main Street in

Oklahoma City, Oklahoma. They had previously leased the real estate and building thereon to the Veazy Drug Company for a term expiring on May 11, 1969, for a monthly rental of $1,666.66. On April 11, 1962, Fred F. Fox & Company (Fox) of Oklahoma City, soliciting agent[1] of the Defendant, Sun Insurance Office, Limited (Sun), issued the above mentioned policy of insurance against loss of rents as to said property to the amount of $20,000.00 for a term of five years. The named insured in the policy was Dave Schonwald. At this time Fox knew that Dave Schonwald and Anna Schonwald owned the property. The policy provided that the Defendant: " * * * does insure the named insured above and legal representatives, * * ". The insurance policy premium was paid for the entire five-year period.

On June 4, 1962, Dave Schonwald and Anna Schonwald conveyed said Main Street property to their children and reserved unto themselves a life estate in joint tenancy.

On April 27, 1964, Dave Schonwald died and by operation of law the entire life estate passed to Anna Schonwald.

On May 30, 1965, the building on said property was totally destroyed by fire. The parties stipulated at the trial that there was no need for any formal proof of loss in this case.

From the evidence presented to the Court, the Court finds that after the death of Dave Schonwald and before the fire on May 30, 1965, Fox was advised of the death of Dave Schonwald and that following such event the property belonged to Anna Schonwald or that she had an interest therein. This information was communicated to Mr. Fox and to one of his employees and was done within 60 days after the death of Dave Schonwald. This information came from Anna Schonwald and a son of Anna and Dave Schonwald. Fox took no action re-

garding the said insurance policy with reference to changing the named insured therein after receiving this information. No one requested Fox to change the named insured. The Defendant retained the premium on the insurance policy and did not attempt to return the unearned portion of said premium until June 28, 1966, which was shortly after this litigation was commenced.

■■ The information or knowledge acquired by Fox regarding the death of Dave Schonwald and that Schonwald then had title to the insured property or an insurable interest therein, is imputable to the Defendant. Disclosures as to the actual status of title to the insured property made to a soliciting agent for an issuing insurance company is imputable to the issuing insurance company. State Mut. Ins. Co. v. Green (1915) 62 Okl. 214, 166 P. 105; American Ins. Co. v. Jueschke (1925) 110 Okl. 250, 237 P. 585; United States Fire Ins. Co. of City of New York v. L. C. Adam Mercantile Co. (1926) 117 Okl. 73, 245 P. 885; Higgins et al. v. Phoenix Ins. Co. (1935) 175 Okl. 394, 52 P.2d 735. Having this important information and continuing to recognize the insurance policy as being in force and effect (for approximately a year) constitutes a waiver of any bar to liability and estops the insurer from claiming that the insurance policy had terminated upon the death of Dave Schonwald. In Security Insurance Company of New Haven v. White, 236 F.2d 215, at page 219 (1956) the United States Court of Appeals for the Tenth Circuit said:

"The general rule having pertinent application in this case is that if an insurer with knowledge of facts which would bar liability under an issued and outstanding policy continues to recognize liability by treating the policy as being in force and effect, it waives the

---

1. The evidence discloses that Fox was a local agent for the Defendant and other insurance companies, received pads of insurance policies from the Defendant, wrote insurance for the Defendant and

had authority to bind the Defendant. Fox collected gross premiums and remitted part to the Defendant under the terms of their agreement.

bar and becomes estopped to plead such facts to escape liability. Sovereign Camp W. O. W. v. Pettigrew, 98 Okl. 138, 224 P. 545; Commercial Standard Insurance Co. v. Remer, 10 Cir., 119 F.2d 66; United States Fidelity & Guaranty Co. v. Craig County Bank, 10 Cir., 227 F.2d 799."

■ Moreover, in the circumstances of this case and by the language of the policy involved, the Plaintiff, Anna Schonwald, is entitled to the benefits of the policy as a legal representative of Dave Schonwald. As previously stated, by the language of the policy, the Defendant insured the "insured named" and his "legal representatives." In Security Insurance Company of New Haven v. White, supra, pp. 219–220, it is held in an insurance case:

" * * * It is the general rule that the term 'legal representative' has no fixed and unyielding meaning in law but as ordinarily employed in its general use is sufficiently broad to include any person who stands in the place and stead of one deceased in respect to property, whether transferred to him by operation of law, or otherwise; and that it may include an assignee as well as an executor or administrator. New York Mutual Life Insurance Co. v. Armstrong, 117 U.S. 591, 597, 6 S.Ct. 877, 29 L.Ed. 997; Thomas v. Doyle, 88 U.S.App.D.C. 95, 187 F.2d 207; Farmers' & Merchants' National Bank & Trust Co. v. Globe Indemnity Co., 264 Mich. 395, 249 N.W. 882; Conant v. Curtiss, 93 N.H. 398, 42 A.2d 743. That general rule obtains in Oklahoma. Brown v. Massey, 13 Okl. 670, 76 P. 226; Grace v. Hildebrandt, 110 Okl. 181, 237 P. 98."

The United States Supreme Court in New York Mutual Life Ins. Co. v. Armstrong, 117 U.S. 591, at page 597, 6 S.Ct. 877, at page 879, 29 L.Ed. 997, at page 999, said:

" * * * The term 'legal representative' is not necessarily restricted to the personal representatives of one deceased, but is sufficiently broad to cover all persons who, with respect to his property, stand in his place and represent his interests, whether transferred to them by his act or by operation of law. It may, in this case, include assigns as well as executors and administrators. New York Life Ins. Co. v. Flack, 3 Md. 341."

Upon the death of Dave Schonwald, the Plaintiff, Anna Schonwald, as joint tenant, stood in the place and stead of Dave Schonwald with respect to the property here involved. This being so, she became a legal representative of Dave Schonwald within the meaning of the language of the insurance policy and as such became an insured entitled to any benefits or payments to become payable under the policy while the same was in force and effect.

Therefore, by either the doctrine of estoppel or by being an insured as a legal representative of the named insured, the Plaintiff is entitled to recover any benefits payable under the insurance policy.

■ The benefits payable under the policy are also in dispute herein. The policy provides that loss of rents payable thereunder cannot exceed the period of time from the date of damage or destruction as would be required with the exercise of due diligence and dispatch to put the premises in repairable condition. The premises involved herein have not been restored. The Plaintiff urges that it would take a total of 350 days, including Sundays and holidays therein, to clear the premises, develop new plans for construction, obtain estimates, permits and bids and then build the new structure. However, under the evidence in the case, the Court finds this period of time to be excessive and that with due diligence and dispatch the premises could be replaced and made tenantable in 265 days. This is based on a period of 70 days within which all clearing, planning, estimating and bidding could be accomplished, and 195 days to build. The period of 265 days also includes Sundays and holidays.

Plaintiff is therefore entitled to recover under the policy and she is entitled to loss of rent payments thereunder for 265 days following the fire of May 30,.

1965. Counsel for Plaintiff will prepare an appropriate judgment based on the foregoing and submit the same to opposing counsel and then to the Court for signature and entry herein.