Mr. Justice Cox
delivered the opinion of the court.
This association was incorporated by an act of Congress, which declares that “ the particular business and objects of such society or corporation shall be to provide and maintain a fund for the benefit of the widow, orphan, heir, assignee or legatee of a deceased member, immediately upon proof of such death.” One sectiou of the act authorizes the enactment of such by-laws and rules as may seem proper to the association, for the disposition'and management of the funds, property and effects of the corporation, in accordance with the provisions of the charter. The only fund that the society have to dispose of is a contribution, payable on the death of a member, of one dollar from each surviving member. In this case the fund to be disposed of is $1,632. The by-laws provide that, “ on the death of a member of this association, if he has responded within the prescribed period to all assessments made on him, his widow, orphan, heir, assignee or legatee, shall be entitled to receive as many dollars as there are members in the association at the time of death.” Another article provides that “if a member has no legal representatives, such sum of money as they would have been entitled to shall become the propei’ty of the association after deducting therefrom the funeral expenses, if required, which shall not exceed the amount the legal representatives, if any, would have been entitled to and, by another article, it is provided that “ no change of beneficiary can be made or recognized until submitted to and approved by the board of directors.”
There is no express-provision, but it is a right recognized by the practice of the association, that anybody becoming a member may designate the beneficiary, who shall receive the fund payable after his death. When William Reed filed his petition seeking admission as a member, in February, *78 1874, he directed that, “in the event of my death, all benefits arising from my connection with the association shall be paid to my wife, Ann Reed, unless I shall otherwise order and give the secretary of the association ten days’ notice of my desire.” Reed was admitted as a member. Afterwards his wife died. He married a second time, and afterwards he died ; and now this controversy arises over the fund payable upon his death. It is a three-sided controversy and it has been argued very creditably on all sides.
The fund is claimed, first, by the administrators of the first wife; second, by the administrators of the husband •? and thirdly, by the-widow surviving.
In behalf of the first claim it is’urged that this benevolent-association was virtually a life insurance company; that these provisions in the charter and by-laws make this virtually an insurance on the life of the husband for the benefit of his wife ; that as such, it is a part of her personal property — a chose in action — and that after her death it passes, by the common law, to the husband, but, under a statute of Maryland, unless it be reduced to possession by the husband in his lifetime, it goes back to the personal representatives of the wife, and there was no such reduction to possession in this case, in the lifetime of the husband. He might have reduced it to possession by assigning it to-somebody else, but he did not.
In opposition to this view, it is claimed that, treating the transaction strictly as an insurance on the husband’s life for the benefit of the wife, still, after her death, according to the weight of authority, it passes to him and he has a right to-dispose of it as he pleases, and at his death it passes to his-general estate. Without undertaking to decide this controverted question of law, it will be sufficient to remark that in this case the question at issue is controlled by the particular language of the designation made by the husband. He had the power to designate the beneficiary, and he had a right to do so either absolutely or conditionally, and the direction given by him was that,in-the event of his death, all benefits arising from his connection with the association should be *79 paid to his wife Ann Reed. Now, it is obvious that this direction cannot be literally gratified unless the wife survive the husband, and the whole language of the husband on this point is that of contingency or condition. lie was looking forward to this provision for the benefit of his wife in case she should survive him — that is, in that contingency. His own death was not, of course, contingent; it was an event certain to occur ; but it might be regarded as contingent with reference to some other event — the death of his wife, for instauce — and we think the fair interpretation of the language of the husband is that, in case of his dying before his wife, the benefits arising under this transaction were to enure to her, but not otherwise. To construe it otherwise would be to hold that the design of the husband in making this provision, was that its benefits should go first, to the wife, if she survived, 'but otherwise to her relations ; and it is not to be supposed that this association was organized and sustained by its members for the purpose of benefiting the relations of their widows. We think, therefore, the meaning of the language used by the husband in designating the beneficiary was that the benefits of this provision were to go to his wife only in case she survived him ; and as she did not survive her husband, the provision falls to the ground so far as she is concerned, and the claims of her representatives are out of the question.
The controversy remains, then, between the personal representatives or administrators of the husband and the surviving widow. In behalf of the former, the same general ground already stated is taken, namely, that this is virtually an insurance on the husband’s life and as such would pass to his estate. In some respects it is like a life insurance and in other respects it is different. It was not designated to provide for the creditors of the husband or for those generally interested in his estate ; but for his widow, orphans or immediate heirs ; and, therefore, the charter provides for “the immediate payment to the widow, orphans, heir, assignee or legatee of a deceased member, of as many dollars as there are members in good standing on the books of the corpora *80 tion.” The charter and the by-laws control the destination of this fund, and they explicitly provide that in the condition of affairs which this case presents, the widow, orphans, heir, assignee or legatee shall be entitled to i’eeeive it. An argument is based on the language of article V, section 5, which provides that where the deceased member has no legal representative, the money shall become the property of the association. From this provision it is argued that if there are legal representatives of the deceased, they must be entitled to the fund. This argument, if it proved anything, would prove too much. It would prove that in a case where there were no legal representatives, notwithstanding the existence of a widow, or an orphan, or heir, the money must go back into the general fund of the association to the direct frustration of the whole scheme and object of the association and in disregard of the express language of its charter and bylaws. We think, therefore, that the term “legal representatives” here means those who are legal representatives in the contemplation of this charter and these by-laws, namely, the very people who are there enumerated, “the widow, orphans, heir or legatee.” The fund is to go to some one of these parties. They are mentioned disjunctively ; the money is to be paid to the widow, or the orphans, or the heir, or the assignee or legatee. Now, that means one of two things, either that it shall go to some one of these to be selected by some authority, or else that they are to have precedence in the order in which they are named. But there is no authority provided for or indicated in either the charter or the by-laws by whom any one of these beneficiaries shall be selected ; and, therefore our conclusion is that the order in which they are named is the order in which they are to benefit by this fund ; first, the widow ; if there is no widow, then the orphans ; if there is no orphan, then the heir, See. In this case the question is between the widow and the personal representatives. The latter are excluded entirely by our construction of the by-laws, and therefore, the decree will be that the widow shall take the fund.