**COMMERCIAL STANDARD INSURANCE COMPANY, Appellant,**

v.

**Mrs. Clayton HERRIN, Appellee.**

**No. 4729.**

Court of Civil Appeals of Texas, Eastland.

Oct. 11, 1974.

**164**

McBryde & Bogle, John H. McBryde, Ft. Worth, for appellant.

C. O. McMillan and Garry Lewellen, Stephenville, for appellee.

RALEIGH BROWN, Justice.

This is a venue matter. Mrs. Clayton Herrin in the District Court of Palo Pinto County sought to recover on an insurance policy issued by Commercial Standard Insurance Company. She contends her home was damaged by an explosion, a loss insured under the policy.

Controverting Commercial Standard's plea of privilege for removal of the cause to Tarrant County, Mrs. Herrin maintained venue was properly laid in Palo Pinto County under Subdivision 28 of the general venue statute, Article 1995, Vernon's Ann.Civ.St. The trial court, without filing findings of fact and conclusions of law, overruled the plea of privilege. Commercial Standard Insurance Company appeals. We affirm.

The Insurance Company argues the trial court erred in overruling the plea of privilege because there is no competent evidence to support findings of the essential facts that must be proved under Subdivision 28, Article 1995, V.A.C.S. It contends there is no allegation that Mrs. Herrin had

a right to recover under the policy for loss described in her petition. The company further urges that Mrs. Herrin failed to allege that it was either a life, health or accident insurance company or a fire, marine or inland insurance company as required by Subdivision 28, Article 1995, V.A.C.S.

The uncontroverted facts show Commercial Standard Insurance Company issued Texas Standard Homeowner's policy number 820737786 covering a dwelling and its contents located at 2300 S.E. 4th Avenue, Mineral Wells, Texas, with the named insured, Clayton R. Herrin. The policy insured as part of its coverage loss from an explosion.

Mrs. Herrin was married to Clayton R. Herrin on the date the policy was issued and remained his wife until his death on December 31, 1970. An explosion occurred damaging her home located at 2300 S.E. 4th Avenue, Mineral Wells, Palo Pinto County, Texas, on January 7, 1971. Grantham-Adkins Insurance Agency whose office was located in Mineral Wells, Texas, sold the policy and premiums were paid by Mrs. Herrin. Commercial Standard failed to pay the claim for damages filed with them by Mrs. Herrin.

■ Although, Mrs. Herrin's controverting plea makes specific reference only to the applicability of Subdivision 28, Article 1995, V.A.C.S., the Fort Worth Court of Civil Appeals announced in Mobil Oil Corporation et al v. Robert J. Gibbons et ux, 511 S.W.2d 600 (Tex.Civ.App. Fort Worth 1974, no writ hist.) :

"It makes no difference what a plaintiff in his controverting affidavit might specify therein as the subdivision(s) under which he might deem authority conferred to maintain his suit where filed. He is not compelled to specify any, nor is he forbidden to specify every one of them. He forfeits nothing by specifying one which is without application. What is of controlling materiality is that his pleading set forth 'grounds' which would

support the order of the court retaining venue in the county of suit."

Allegations were made that Commercial Standard was an insurance company duly incorporated under the insurance laws of the State of Texas. Mrs. Herrin further alleged she entered into a contract of insurance with the company; she was a resident of Palo Pinto County when the policy was issued insuring property located in the county; and, an explosion in the county damaged her property. Testimony establishes the sale of the policy by Commercial Standard's agent who was a Palo Pinto County resident.

■ Commercial Standard made no objections prior to or during the hearing as to the sufficiency of the pleadings of Mrs. Herrin. As stated by the court in the Mobil Oil Corporation case, supra :

". . . there is provision that when issues not raised by the pleadings are tried by express or implied consent they shall be treated in all respects as if they had been raised in the pleadings. If this Rule of Civil Procedure applies to instances where the trial is of facts necessary to be presented by evidence upon the issue of venue the trial court may disregard the plaintiff's allegations and view the pleadings as though they had embraced every issue of fact tried without objection. We see no reason why Rule 67 should not have application to a plea of privilege hearing."

■ Commercial Standard argues Mrs. Herrin has shown no right to recover under the policy because she failed to show she is an insured or beneficiary. The policy provides:

"Subject to the provisions and conditions of the policy, and of this form and endorsements attached, the Company *insures the Named Insured and legal representatives against loss* (including expenses incurred in the removal of debris of property insured resulting from such loss) from any of the Perils Insured

Against to the property hereinafter described." (emphasis ours)

It has been held that the term "legal representatives" as used in a fire policy provision is used in no technical sense. Knoff v. United States Fidelity and Guaranty Co., 447 S.W.2d 497 (Tex.Civ.App. Houston (1st Dist.) 1969, no writ hist.). Mrs. Herrin, the surviving widow of the named insured is a legal representative under the policy.

■ As stated by this court in City of Abilene v. Meek, 311 S.W.2d 654 (Tex. Civ.App.—Eastland 1958, writ ref.):

"It is elementary that when the appellant contests the trial court's judgment without requesting findings of fact or conclusions of law, we must assume that the trial court's findings were all in support of its judgment; and the judgment must be affirmed if there is any evidence of probative force to support it upon any theory authorized by law."

We find evidence of probative force to support the judgment. Having considered all points of error and overruled each, the judgment is affirmed.