**Frederick W. LEOPOLD et al.,
Plaintiffs-Appellants,**

v.

**Harold R. LEOPOLD, Defendant,**

**and**

**M.F.A. Mutual Insurance Company,
Defendant-Respondent.**

**No. KCD 28080.**

Missouri Court of Appeals,
Kansas City District.

May 2, 1977.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 8, 1977.

Robert B. Langworthy, J. Michael Vaughan, Kansas City, for plaintiffs-appellants.

Thomas A. Sweeny, Popham, Popham, Conway, Sweeny & Fremont, P. C., Kansas City, for defendant-respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Action on fire insurance policy. Trial court found for insurer. Plaintiffs appeal.

On January 28, 1964, Eva I. Look died. She was the owner of a residence located at 4063 Warwick Boulevard, Kansas City, Missouri. Her will was admitted to probate. Harold R. Leopold, the sole legatee under the will, was appointed Executor of the Estate of Eva I. Look on February 6, 1964.

On February 6, 1964, M.F.A. Mutual Insurance Company issued its fire and extended coverage policy applicable to 4063 Warwick for a period of one year from 2:00 P.M. February 6, 1964 through February 6, 1965. The named insured was "Harold R. Leopold, Executor of the Estate of Eva I. Look." The policy insured "the insured named in the declarations and legal representatives." The policy was renewed for a one-year period beginning February 6, 1965.

On February 19, 1964, William Normandie, Frederick W. Leopold and Alice Smith instituted a will contest, contesting the purported will of Eva I. Look. Ms. Smith subsequently died. The first two named contestants and the executors of the estate of Ms. Smith are plaintiffs in this suit.

On March 6, 1964, the Jackson County Probate Court, pursuant to the will contest, suspended Harold R. Leopold as Executor of the Estate of Eva I. Look and appointed Traders National Bank, also a plaintiff in this action, as Administrator Pendente Lite of the Look estate.

On December 28, 1965, a settlement of the will contest was reached by which Harold R. Leopold and his wife agreed that Frederick W. Leopold, William Normandie and Alice Marie Smith were to receive title to the Warwick Boulevard residence.

On February 5, 1966, the property suffered fire damage in the amount of $5,125.00. Notice of loss was given M.F.A., but it refused to pay the loss.

A quitclaim deed to the property was executed by Harold R. Leopold and wife to Frederick Leopold, William Normandie and Alice Marie Smith.

Frederick Leopold, Normandie, the Executors of the Estate of Ms. Smith, and Traders National Bank, Administrator Pendente Lite of the Estate of Eva I. Look, filed suit against M.F.A and Harold R. Leopold. Harold R. Leopold subsequently died without filing an answer to the petition.

The claim against M.F.A. was submitted on stipulated facts and the trial court found for defendants. Plaintiffs appeal.

The issue on the appeal is whether or not the appellants are entitled to the benefit of the policy issued to Harold R. Leopold, Executor, and "legal representatives," and, alternatively, whether Harold R. Leopold, Executor, had an insurable interest in its property at the time of the loss. Appellants assert that they do because the "legal representatives" included the Administrator Pendente Lite. Respondent M.F.A. asserts that plaintiffs had no insurable interest in the property at the time of the issuance of

the policy and they were not parties to the contract of insurance and that Harold R. Leopold, Executor, had no insurable interest at the time of the loss.

Appellants first contend that the policy covering Leopold, Executor, "and legal representatives" continued to cover the Administrator Pendente Lite after the removal of Leopold as Executor.

M.F.A. does not question that Leopold as Executor of the Estate of Eva I. Look had an insurable interest in the property involved. See *Estes v. Great American Ins. Co. of New York,* 112 S.W.2d 153, 156–157[7, 8][9] (Mo.App.1938). The question in this case is what, if any, meaning is to be given to the phrase "legal representatives" in the construction of the policy provision extending coverage to the named insured and "legal representatives."

■ "The term 'legal representative' has no fixed meaning in the law and does not have the same signification in every case, since its import varies according to the circumstances of its use." *Sterns v. M.F.A. Mutual Insurance Company,* 401 S.W.2d 510, 517[3] (Mo.App.1966). The primary meaning of the term in an insurance policy is executor or administrator (*Dyer v. Standard Fire Ins. Co. of New Jersey,* 227 S.W.2d 520, 521[1][2] (Mo.App.1950)), but the term as there found may also have a secondary meaning "which includes anyone who succeeds to the rights of another * * *." 44 Am.Jur.2d Insurance, § 1754, p. 665 (1969); *Sterns v. M.F.A. Mutual Insurance Company,* supra. See *Schonwald v. Sun Insurance Office, Limited,* 276 F.Supp. 775 (W.D.Okl.1967); *Commercial Standard Insurance Company v. Herrin,* 515 S.W.2d 163 (Tex.Civ.App.1974); *Loomis v. Vernon Mutual Fire Ins. Co.,* 14 Wisc.2d 470, 111 N.W.2d 443, 444–445[3] (1961).

■ When, as in this case, the named insured is described in his representative capacity, the term "legal representatives" has no effective meaning if it is to be limited to the primary definition of executor or administrator, as respondent suggests it should be. The personal representative

of the named executor would not have succeeded to the decedent's representative capacity. Had Harold Leopold died while he was still executor of the estate of Ms. Look, Leopold's personal representative would not thereby have become executor of Ms. Look's estate. *In re Parker's Trust Estate,* 228 Mo.App. 400, 67 S.W.2d 114, 119–120[6, 7] (1934). In a case such as this, if the term is to be given any effect, its secondary meaning should be applied, the representative who succeeds to the representative capacity of the named insured. *Imperial Assur. Co. v. Livingston,* 49 F.2d 745 (8th Cir. 1931).

Respondent argues that the case of *Estes v. Great American Ins. Co. of New York,* 112 S.W.2d 153 (Mo.App.1938), is "squarely in point" in support of its position in this case. In that case, insurance covering property owned by a decedent had been issued to "Ollie Estes, Administratrix for the Estate of C. Dennis, deceased." This policy was for a term of three years from January 30, 1934. In June, 1934, Ms. Estes's final settlement was approved and she was discharged as administratrix. On October 25, 1934, the insured premises were destroyed by fire. The insurer rejected her claim for loss, signed "Ollie Estes, Administratrix of the Estate of C. Dennis." Upon suit by Ms. Estes, joined by the heirs of Dennis, the court held that Ms. Estes as administratrix had no insurable interest at the time of the loss because she had been previously discharged in that capacity. 112 S.W.2d 157[9].

The court also held that recovery could not be had on the theory that Ms. Estes bought the policy as trustee or agent for the heirs. The court held that there was no evidence that the insurer was advised that the policy was taken on behalf of the heirs and by the clear and unambiguous terms of the policy Ms. Estes as Administratrix was the only party to the insurance contract.

The *Estes* case is distinguishable from the present case in at least two particulars. First, the administration of the estate had terminated so there was no question of the interest of a successor representative. Second, no reliance was placed on an extension of coverage to "legal representatives" of the named insured.

The cases of *Farmers' Mut. Fire & Lightning Ins. Co. v. Crowley et al.,* 354 Mo. 649, 190 S.W.2d 250 (1945); *Grider v. Twin City Fire Insurance Company, et al.,* 426 S.W.2d 698 (Mo.App.1968), and *Michigan Fire & Marine Ins. Co. v. Magee,* 240 Mo.App. 767, 218 S.W.2d 151 (1949), relied upon by respondent, likewise did not involve reliance upon the "legal representatives" provision of a policy.

■ In the facts of this case, the policy issued to Leopold as executor of the estate of Ms. Look and covering the named insured "and legal representatives," by virtue of the quoted phrase covered and was applicable to Traders National Bank as successor to Leopold as Ms. Look's personal representative. Therefore, the trial court erred in entering judgment in favor of respondent.

■ As Administrator Pendente Lite, Traders National Bank "would hold the proceeds of this policy as a trustee for the benefit of the [sole legatee] * * *," *Estes v. Great American Ins. Co.,* supra, 112 S.W.2d at 158–159[13]. As between the sole legatee, Harold R. Leopold, and the grantees in the quitclaim deed, the individual appellants here, the latter are entitled to receive the proceeds of the policy. *Skelly Oil Co. v. Ashmore,* 365 S.W.2d 582 (Mo. banc 1963); 46 C.J.S. Insurance § 1145, p. 23 (1946).

Judgment reversed and cause remanded for entry of judgment in accordance with the views herein expressed.

All concur.