**Annie Belle YOUNG, et al., Appellants,**

v.

**FIREMEN'S INSURANCE CO. OF WASHINGTON, D.C., Appellee.**

**No. 81–546.**

District of Columbia Court of Appeals.

Argued Oct. 28, 1982.

Decided July 5, 1983.

Albert N. Lobl, Washington, D.C., for appellants.

George H. Eggers, Silver Spring, Md., for appellee.

Before MACK, FERREN and TERRY, Associate Judges.

FERREN, Associate Judge:

Charles Young and his mother, Bessie, bought a home in Southeast Washington, D.C. in 1960 and insured it against damage from fire. Firemen's Insurance Company covered the Youngs' home under its "Standard Fire Insurance Policy," which promised to insure "the insured named above and legal representatives ... against all DIRECT LOSS BY FIRE ...." (emphasis in original).[1]

Bessie Young died in 1972. Charles continued to pay premiums, and Firemen's continued to accept payments and renew the policy in the names of Charles C. and Bessie Young. In 1977, Charles married Annie Belle. After the wedding, he gave up sole ownership of the house and entered into a joint tenancy with his wife and Lawrence Turner (who describes himself as the foster son of Charles and Annie Belle).

On August 22, 1978, the house was destroyed by a fire in which Charles died. Firemen's refused to pay his widow's claim

1. The policy was renewed periodically; this language is taken from the final policy, covering the period September 21, 1977 through September 21, 1978.

on the ground that she was neither a "named insured" nor the "legal representative" of a named insured. Firemen's argued to the trial court that "legal representative" should be construed to mean "personal representative," *i.e.*, the executor or administrator of the insured's estate.[2] Appellants argued that the term "legal representative" should be construed more broadly to include either: (1) Annie Belle Young, as the widow of the insured, or (2) Annie Belle Young and Lawrence Turner, as joint tenants of the insured property. The trial court accepted the company's interpretation and entered summary judgment in its favor. We reverse and remand for entry of judgment for the widow.

■ Firemen's directs our attention to 5 *Couch on Insurance* 2d § 28.14, at 94 (1960):

It appears to be uniformly held that where the language or the circumstances surrounding the parties thereto do not indicate a different intention, the term "legal representative" must be given its primary legal meaning of executor or administrator.

However, as the treatise also points out, and as the courts of numerous jurisdictions—including this one—have held, the term "legal representative" has a second meaning:

anyone who succeeds to the rights of another, such as heirs, next of kin, assignee by contract or operation of law, a trustee, receiver, etc., such a meaning being determined by the intention of the parties as manifested by the surrounding facts and circumstances.

*Id.* § 28.15, at 96 (footnote omitted). *See, e.g., New York Mutual Life Insurance Co. v. Armstrong,* 117 U.S. 591, 597, 6 S.Ct. 877, 879, 29 L.Ed. 997 (1886) ("The term 'legal representatives' is not necessarily restricted to the personal representatives of one deceased, but is sufficiently broad to cover all persons who, with respect to his property, stand in his place and represent his interests, whether transferred to them by his act or by operation of law"); *Strother v. District of Columbia,* 372 A.2d 1291, 1295 (D.C. 1977); *Thomas v. Doyle,* 88 U.S.App.D.C. 95, 97, 187 F.2d 207, 209 (1950); *Security Insurance Co. v. White,* 236 F.2d 215, 219–20 (10th Cir.1956); *Schonwald v. Sun Insurance Office,* 276 F.Supp. 775, 777 (W.D.Okl. 1967); *Leopold v. Leopold,* 552 S.W.2d 276, 278 (Mo.App.1977); *Commercial Standard Insurance Co. v. Herrin,* 515 S.W.2d 163, 166 (Tex.Civ.App.1974).

For over a century, the courts of this jurisdiction have rejected the insurance company's limited definition of "legal representative." In *Masonic Mutual Relief Association v. McAuley,* 13 D.C. (2 Mackey) 70 (1882), an insured's widow—who was not his personal representative—was allowed to recover under a life insurance contract as his legal representative.[3] In *Waters v. Kopp,* 34 App.D.C. 575 (1910), *appeal dismissed,* 223 U.S. 746, 32 S.Ct. 533, 56 L.Ed. 640 (1912), the court construed the term to include the assignee of a life insurance contract. More recently, the Court of Appeals for the District of Columbia Circuit construed the term, as used in the District of Columbia Survival Act,[4] to include heirs as

---

**2.** See D.C.Code § 20–101(j) (1981): " 'Personal representative' means a person ... who has been appointed by the court to administer the estate of a decedent."

**3.** Appellee argues that *McAuley* is not relevant here because it concerned life insurance instead of fire insurance, and because the charter and bylaws of the mutual aid association in that case declared its purpose to be "to provide and maintain a fund for the benefit of the widow, orphan, heir, assignee or legatee of a deceased member...." 13 D.C. (2 Mackey) at 77. Appellee misses the point. The *McAuley* court looked to the charter and bylaws to aid in

discerning the intention of the parties. *Id.* at 80. In *McAuley,* as in each of the later cases cited in the text, the key to the interpretation of "legal representative" has been the intention of the contracting parties or of the legislature.

**4.** D.C.Code § 12–101(24:31) (1940) Actions survive in favor of or against representatives of deceased party—Injury to person or reputation —Exception.

On the death of any person in whose favor or against whom a right of action may have accrued for any cause ... said right of action shall survive in favor of or against the legal representatives of the deceased....

well as personal representatives. *Thomas, supra,* 88 U.S.App.D.C. at 97, 187 F.2d at 209. The court contrasted the term "legal representative" in the Survival Act with "the more restrictive phrase 'personal representative'" used in the District of Columbia Wrongful Death Act.[5] *Id.; see Strother, supra,* 372 A.2d at 1295–96 (heir-at-law is legal representative within the meaning of the District of Columbia Survival Act); *Wilson v. Thornton,* 416 A.2d 228, 236–37 (D.C.1980) (in conflict between heirs-at-law and decedent's executor, or in will contest among heirs-at-law, any heir or executor is a legal representative for purposes of D.C. Code § 14–307 (1973) permitting patient or patient's legal representative to waive decedent's physician-patient privilege).

This case would pose a more difficult problem if there were a personal representative appointed to administer the estate. In a contest between an insured decedent's personal representative and an heir, the trial court would have to examine the insurance contract and the surrounding circumstances to determine whom the parties intended as the "legal representative" for insurance purposes. The record here, however, discloses that Charles Young did not designate a personal representative, and that none has been appointed. In the absence of a personal representative or other party claiming the status of legal representative, Annie Belle Young—as Charles Young's widow and heir-at-law—is entitled to recover under the policy.

We note a possible problem that the trial court should consider on remand. This suit was filed by Annie Belle Young and Lawrence Turner. Counsel for plaintiffs argued to the trial court that either Annie Belle Young should recover as the insured's widow, or Annie Belle Young and Lawrence Turner should recover as joint tenants of the insured property. Counsel was indifferent as to which argument prevailed. On appeal, moreover, counsel did not press Lawrence Turner's claim; he argued that Annie Belle Young was Charles Young's legal representative, either because she was his widow or because she "became sole owner of the property at the instant of her husband's death." [6]

■ Nothing in the record indicates a conflict between mother and foster son. If Lawrence Turner does not object to his foster mother recovering as Charles Young's legal representative, then no further analysis is necessary. The law of this jurisdiction is that "legal representative" is not synonymous with "personal representative," and it includes, at least, heirs-at-law. *Wilson, supra,* 416 A.2d 228, *Strother, supra,* 372 A.2d 1291. If, however, Turner wishes to introduce evidence that Charles Young intended him, as well as his foster mother, to be a "legal representative" under the contract, then the court should permit him to do so through independent counsel. *See Schonwald, supra,* 276 F.Supp. at 777 (in order to effectuate the intent of an insured, court construed "legal representative" to include a joint tenant of the insured property). We intimate no view as to whether such an argument should prevail.

*Reversed and remanded for proceedings consistent with this opinion.*

---

This provision is now codified, with minor changes not relevant here, at D.C.Code § 12–101 (1981).

**5.** D.C.Code §§ 16–2701, –2702 (1981). *See Wilson v. Thornton,* 416 A.2d 228, 231 n. 6 (D.C.1980); *Strother, supra,* 372 A.2d at 1296

n. 7; *Harris v. Embrey,* 70 App.D.C. 232, 233, 105 F.2d 111, 112 (1939) (per curiam).

**6.** This latter assertion is, of course, incorrect if Lawrence Turner was a joint tenant of the property.