Atilua **AGAE**, Jr.; Eddie Agae; Raymond Agae; Anna Stroup; Scott Agae; Wendy Agae; Julia Puletasi; Lafoai Leslie Brown; Alex Jones; David Jones; Helen Ann Breeding; Teiutaifeau P. Brown; Faalanu L. Brown; Poima Brown; Malaeoletalu Brown; Cindy Agae and Estate of Thelma Agae by Atilua Agae, Jr., Plaintiffs,

v.

**UNITED STATES of America and Tripler Army Medical Center, Defendants.**

**No. CIV. 00–00099 SOM/LEK.**

United States District Court, D. Hawai'i.

Nov. 7, 2000.

has nothing to do with whether Plaintiffs'   *contract* rights under the CBA remain.

Denise H. Sangster, Honolulu, HI, Michael Jay Green, David J. Gierlach, Honlulu, HI, for plaintiffs.

R. Michael Burke, Assist. U.S. Atty., Honolulu, HI, for defendants.

*ORDER GRANTING DEFENDANT UNITED STATES' MOTION TO DISMISS AS TO CERTAIN PLAINTIFFS AND CLAIMS*

MOLLWAY, District Judge.

## I. *INTRODUCTION.*

On December 30, 1996, Thelma Agae ("Mrs.Agae") committed suicide while be-

ing treated at Tripler Army Medical Center ("Tripler") for depression. Sixteen members of Mrs. Agae's family[1] and the Estate of Thelma Agae by Atilua Agae, Jr. (collectively "Plaintiffs") sued Defendant United States of America ("United States") and Tripler under the Federal Tort Claims Act ("FTCA") for negligence.

The United States has moved to dismiss or, in the alternative, for summary judgment as to certain Plaintiffs and claims. Because twelve of the plaintiffs failed to exhaust their administrative remedies, the court GRANTS the United States' Motion with respect to those Plaintiffs. Because the Complaint failed to advance a claim for last illness and burial expenses, the Estate of Thelma Agae's wrongful death claim under Haw.Rev.Stat. § 663–3 is also DISMISSED to the extent that it was brought by the Estate.

## II. *BACKGROUND.*

Atilua Agae, Jr. ("Mr.Agae"), took Mrs. Agae to Tripler on December 26, 1996, suspecting that she had swallowed bleach. *See* Thelma Agae In Patient Records, attached as Ex. A to United States' Concise Statement in Support of Defendant United States' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment as to Certain Plaintiffs and Claims ("USA Concise Statement").[2] After her condition stabilized, Mrs. Agae was transferred to the Tripler Psychiatric Ward for additional observation and treatment. After attending an occupational therapy session on De-

cember 30, 1996, Mrs. Agae hung herself in the bathroom of her hospital room using the ties from her hospital robe. The following day, December 31, 1996, Mrs. Agae was pronounced dead.

On October 2, 1998, Mr. Agae, Anna Stroup, Julia Puletasi, Scott Agae, and Wendy Agae filed administrative claims with Tripler for wrongful death and for Mrs. Agae's pain and suffering. *See* Claim for Damage, Injury, or Death Forms, attached as Exhibit H to USA's Concise Statement. Each claimant asserted a claim for his or her own loss as well as a claim on behalf of the Estate of Mrs. Agae. *See id.*

Plaintiffs filed this action against the United States and Tripler under the FTCA on February 2, 2000. The suit names as Plaintiffs sixteen members of Mrs. Agae's family and the Estate of Thelma Agae by Atilua Agae, Jr.

The United States has moved to dismiss or, in the alternative, for summary judgment as to certain Plaintiffs and claims. The United States argues that: (1) eleven individual plaintiffs are barred from suit because they failed to file an administrative claim with the applicable federal agency within the two-year statute of limitations provided for in 28 U.S.C. § 2401(b); (2) the Estate of Thelma Agae ("Estate") is barred from pursuing a wrongful death claim under the Hawaii Wrongful Death Statute, Haw.Rev.Stat. § 663–3, because it failed to limit its claim for damages to last

---

1. Atilua Agae, Jr., Eddie Agae, Raymond Agae, Anna Stroup, Scott Agae, Wendy Agae, Julia Puletasi, Lafoai Leslie Brown, Alex Jones, David Jones, Helen Ann Breeding, Teiutaifeau P. Brown, Faalanu L. Brown, Poima Brown, Malaeoletalu Brown, and Cindy Agae.

2. The United States is reminded that Local Rule 7.6 requires that "[f]actual contentions made in support of or in opposition to any motion shall be supported by affidavits or declarations ... and shall conform to the requirements of Fed.R.Civ.P. 56(e)." Pursuant to Fed.R.Civ.P. 56(e), "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show

affirmatively that the affiant is competent to testify to the matters stated therein." The court has previously reminded the United States that it must properly authenticate evidence submitted in support of or in opposition to any motion. *See Schmidt v. United States,* Civil No. 98–00183, slip op. at 3 n. 1, (D.Haw. May 6, 1999), *rev'd on other grounds,* No 99–15977, 2000 WL 1131880 (9th Cir. Aug.9, 2000). Plaintiffs do not dispute the relevant facts even though the United States has not properly authenticated any of the documents attached to its Concise Statement of Material Facts. The court considers these documents here, but on future motions the United States is once again cautioned that it must comply with court rules.

**1246**

illness and burial costs; and (3) the survivorship claims brought by Atilua Agae, Jr., Scott Agae, Wendy Agae, Julia Puletasi, and Anna Stroup, on behalf of the Estate, are defective because they fail to comply with the requirements of 28 C.F.R. § 14.3(c) and Haw.Rev.Stat. § 663–7.

Plaintiffs concede that: (1) the United States is entitled to dismissal of claims by the eleven individual Plaintiffs who failed to file administrative claims; and (2) the Estate is not asserting a wrongful death claim. Plaintiffs do, however, dispute the dismissal of the survivorship claim brought on behalf of the Estate by Atilua Agae, Jr., Scott Agae, Wendy Agae, Julia Puletasi, and Anna Stroup under Haw.Rev.Stat. § 663–7.

## III. *STANDARD.*

■ "The most natural reading of the [FTCA] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil v. United States,* 508 U.S. 106, 112, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Accordingly, exhaustion of administrative remedies is a jurisdictional prerequisite to the bringing of a claim under the FTCA. *See* 28 U.S.C. § 2675. Because the exhaustion of administrative remedies requirement is jurisdictional in nature, the court treats this motion as a motion to dismiss for lack of subject matter jurisdiction under Fed. R.Civ.P. 12(b)(1).

■ A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may either attack the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or may attack the existence of subject matter jurisdiction in fact. *Thornhill Publ'g Co., Inc. v. General Tel. & Elecs. Corp.,* 594 F.2d 730, 733 (9th Cir.1979). When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Federation*

*of African Am. Contractors v. City of Oakland,* 96 F.3d 1204, 1207 (9th Cir.1996). When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact. *Thornhill,* 594 F.2d at 733. The United States' motion is a factual attack on this court's subject matter jurisdiction. Accordingly, this court may accept and evaluate evidence to determine whether jurisdiction exists.

■ Plaintiffs have the burden of proving that jurisdiction does in fact exist. *Thornhill,* 594 F.2d at 733. Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Rosenbaum v. Syntex Corp.,* 95 F.3d 922, 926 (9th Cir.1996).

## IV. *ANALYSIS.*

### A. *Eleven Individual Plaintiffs Failed to Timely File Administrative Claims.*

The FTCA requires any injured or aggrieved party to exhaust all administrative remedies before filing suit in district court. *See McNeil,* 508 U.S. at 112, 113 S.Ct. 1980. In relevant part, 28 U.S.C. § 2675(a) provides:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment **unless** the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally decided by the agency in writing and sent by registered mail. The failure of an agency to make final disposition of the claim within six months after it is filed shall, at the option of the claimant at any time there-

after be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added).

Failure to exhaust all administrative remedies within the applicable two-year statute of limitations permanently bars the filing of a tort claim in the district court:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such a claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which is was presented.

28 U.S.C. § 2401(b).

■ Eleven individual Plaintiffs [3] failed to submit administrative claims with Tripler. Plaintiffs do not dispute this fact. *See* Plaintiffs' Memorandum in Opposition to Defendant United States' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment as to Certain Plaintiffs and Claims ("Opposition Memorandum") at 4. Plaintiffs further "do not oppose dismissing these eleven [individual] Plaintiffs." *See id.* Accordingly, because Plaintiffs Malaeoletalu Brown, Poima Brown, Teiutaifeau Brown, Faalanu Brown, Helen Ann Breeding, Alex Jones, David Jones, Cindy Agae, Eddie Agae, Raymond Agae, and Lafoai Leslie Brown failed to exhaust their administrative remedies, the court GRANTS the United States' Motion to Dismiss with respect to these Plaintiffs.

### B. *The Estate's Wrongful Death Claim Fails to Comply With Haw.Rev. Stat. § 663–3.*

In an action under Haw.Rev.Stat. § 663–3, the United States argues that the Estate is limited to expenses associated with last illness and burial. *See* Defendant United States' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment as to Certain Plaintiffs and Claims, at 18–19 (citing *Wade v. United States,* 745 F.Supp. 1573, 1576–77 (D.Haw.1990)). The United States asserts that Plaintiffs are therefore not entitled to maintain an action on behalf of the Estate for wrongful death because the Complaint failed to advance such a claim for last illness and burial. *See id.* Plaintiffs "do not dispute that this claim is disallowed." *See* Opposition Memorandum at 5. Accordingly, to the extent that the Estate has brought a wrongful death claim,[4] it is DISMISSED.

### C. *The Estate's Survivorship Claim.*

■ The sole remaining issue for this court is whether the Estate filed an administrative claim based on survivorship with Tripler and therefore exhausted its administrative remedies. The persons who may file an administrative claim based on death on behalf of an estate are identified in 28 C.F.R. § 14.3(c):

> A claim based on death may be presented by the executor or administrator of the decedent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law.

Plaintiffs argue that Atilua Agae, Jr., Anna Stroup, Scott Agae, Wendy Agae, and Julia Puletasi are all legally entitled to assert a survivorship claim on behalf of the Estate under Haw.Rev.Stat. § 663–7 because they are all Mrs. Agae's heirs. Plaintiffs assert that the five individual administrative claims filed by the five remaining individual Plaintiffs satisfied the Estate's obligation to file an administrative claim with Tripler pursuant to 28 U.S.C. § 2675(a).

Only a "legal representative" may bring an estate's survivorship claim. *See* Haw. Rev.Stat. § 663–7. Hawaii law states:

---

**3.** Malaeoletalu Brown, Poima Brown, Teiutaifeau Brown, Faalanu Brown, Helen Ann Breeding, Alex Jones, David Jones, Cindy Agae, Eddie Agae, Raymond Agae, and Lafoai Leslie Brown.

**4.** The parties appear to disagree about whether such a claim was stated.

A cause of action arising out of a wrongful act, neglect or default, except a cause of action for defamation or malicious prosecution shall not be extinguished by reason of the death of the injured person. The cause of action shall survive in favor of the *legal representative* of the person and any damages recovered shall form part of the estate of the deceased.

Haw.Rev.Stat. § 663–7 (emphasis added). The United States argues that a legal representative must be someone appointed by a court. Plaintiffs contend that "legal representative" should be defined more broadly to include any heirs-at-law. Although Plaintiffs may be correct that a legal representative need not always be judicially appointed, the five remaining Plaintiffs cannot be deemed legal representatives of the Estate under Haw.Rev. Stat. § 663–7 solely because they are Mrs. Agae's heirs.

The term "legal representative" under Haw.Rev.Stat. § 663–7 has not been specifically defined by the Hawaii Legislature or the Supreme Court of Hawaii. The court can envision circumstances in which a legal representative might not need to be judicially appointed. Someone selected by Mrs. Agae as a trustee or executor might be considered a legal representative of the Estate without a judicial appointment. However, the five remaining Plaintiffs are unpersuasive in arguing that their status as Mrs. Agae's heirs automatically makes them legal representatives of the Estate.

■ A legal representative, "in its broadest sense, means one who stands in place of, and represents the interests of another." *Black's Law Dictionary* 896 (6th ed.1990). Examples include "the executor or administrator of an estate and a court appointed guardian of a minor or incompetent person." *Id.* "The term 'legal representatives' is not necessarily restricted to the personal representatives of one deceased, but is sufficiently broad to cover all persons who, with respect to his property, stand in his place and represent his interests, whether transferred to them by his act or by operation of law." *Mutual*

*Life Ins. v. Armstrong,* 117 U.S. 591, 597, 6 S.Ct. 877, 29 L.Ed. 997 (1886).

The five remaining individual Plaintiffs have not shown that they stand in the Estate's place and/or represent its interests. Plaintiffs cite *Young v. Firemen's Ins. Co. of Wash.,* 463 A.2d 675 (D.C.1983), for the proposition that the term "legal representative" includes heirs-at-law. In *Young,* the court found that the widow of a deceased man, although not judicially appointed, could still be a legal representative. *Id.* at 676. The court concluded that " 'legal representative' is not synonymous with 'personal representative,' and it includes, at least, heirs-at-law." *Id.* This court finds *Young* unpersuasive. If this interpretation were adopted, any heir would be entitled to be a legal representative of the Estate. Heirs could have competing interests. Under Plaintiffs' argument, competing heirs would all be able to claim that they represent the Estate as "legal representatives." This would result in chaos. There is no indication in the plain language of Haw.Rev.Stat. § 663–7 or its legislative history that such a broad interpretation of "legal representative" was intended.

Accordingly, the court rules that the five remaining individual Plaintiffs' status as heirs does not, by itself, entitle them to be legal representatives of the estate. Because the record does not indicate any additional legal relationship between Plaintiffs and Mrs. Agae, the five remaining Plaintiffs are not legal representatives of the Estate under Haw.Rev.Stat. § 663–7. The five remaining Plaintiffs were therefore not entitled to assert an administrative claim on behalf of the Estate for survivorship under 28 C.F.R. § 14.3(c). Because no legal representative filed an administrative claim on behalf of the Estate for survivorship, the court DISMISSES the Estate's survivorship claim for failure to exhaust administrative remedies. *See* 28 U.S.C. § 2675(a).

## V. *CONCLUSION.*

Claims against the United States brought by Plaintiffs Malaeoletalu Brown, Poima Brown, Teiutaifeau Brown, Faalanu Brown, Helen Ann Breeding, Alex Jones, David Jones, Cindy Agae, Eddie Agae, Raymond Agae, and Lafoai Leslie Brown are DISMISSED because these Plaintiffs failed to exhaust their administrative remedies as required under 28 U.S.C. § 2675(a).

Because the Complaint failed to advance a claim for last illness and burial expenses, the Estate of Thelma Agae's wrongful death claim under Haw.Rev.Stat. § 663–3 is also DISMISSED to the extent that it was brought by the Estate.

Finally, the court DISMISSES the Estate's survivorship claim under Haw.Rev. Stat. § 663–7 because no legal representative of the Estate filed an administrative claim with Tripler pursuant to 28 U.S.C. § 2675(a).

This order leaves pending the claims by Atilua Agae, Jr., Anna Stroup, Scott Agae, Wendy Agae, and Julia Puletasi for their own alleged losses.

IT IS SO ORDERED.